### 57356. CRASS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for and convicted of the offense of bribery in four counts. The indictment contends the defendant, as an official of the City of Mountain View,

did receive certain benefits (United States currency) from an individual for the purpose of influencing the defendant in the performance of an act relating to the functions of his office, that is, the enforcement of an existing city ordinance requiring lounges selling alcoholic beverages to close at a certain hour. The four counts involved four separate dates on which he did receive monies to which he was not entitled. Defendant received a sentence of one year to serve as to Count 1; one year to serve consecutive to Count 1 as to Count 2; two years probation to be served consecutive to Count 2 as to Count 3; and two years to be served on probation consecutive to Count 3 as to Count 4. He was further ordered to pay a fine of $1,000 to be paid through the probation office, the payments to be set upon release from custody. Defendant appeals. *Held:*

1. The trial of this case occurred on June 26, 1978, and continued through June 28, 1978. The charter of the City of Mountain View was repealed by the General Assembly and this Act was approved January 20, 1978. See Ga. L. 1978, p. 3003. The action of the General Assembly was approved in litigation contesting the validity of the legislation. See *City of Mountain View v. Clayton County,* 242 Ga. 163 (249 SE2d 671). Since the Act did not provide for an effective date, same became effective on July 1, 1978.

On July 15, 1977, the then city clerk of the City of Mountain View certified certain records contained in the city clerk's office to be true copies. Said records were those with reference to the employment of the defendant as to his application for employment, receipt of an amount for uniform allotment, a federal employee's withholding allowance certificate, as well as a State of Georgia employee's withholding exemption certificate. On the same date she also certified as a true and correct copy an ordinance of the City of Mountain View on file in the city clerk's office with reference to the sale of beer and wine, including restrictions as to business hours. The clerk was called as a witness and testified that she was the custodian as the city clerk of the City of Mountain View of the above documents in April of 1977. She testified that it was her signature certifying these copies as true and correct with the seal of the City of Mountain View

attached. These exhibits were tendered in evidence over objection that they had not been properly tendered as records of the city and that she was not the individual who was the custodian of these records. Whether or not the witness was still the city clerk at the time she testified is not disclosed by the transcript, but when certified by her on July 15, 1977, she was the clerk or keeper of such records which she certified under seal and same could be admitted in evidence under Code § 38-606 even though some of these documents were copies of employment forms required by the state and federal governments. Nevertheless, the exemplifications of these documents "when certified by the clerks or keepers of such records, under seal, shall be admitted in evidence. . ." As stated above, it is uncertain and unknown as to whether she was the keeper of the records at the time she testified, but there is ample proof that she was the clerk on the date of certification on July 15, 1977. In fact, at the date of trial there may not have been a clerk of said city which was going out of existence a few days later. There is no merit in the complaints that these documents were improperly allowed in evidence here. See *Macon & B. R. Co. v. Parker,* 127 Ga. 471, 472 (7) (56 SE 616); *Wood v. Shore,* 160 Ga. 173 (2) (127 SE 145); *Perry v. State,* 78 Ga. App. 273 (3) (50 SE2d 709).

2. Defendant next contends that the state failed to prove that he was a police officer in that no proper foundation had been laid pursuant to Code Ch. 92A-21 (Georgia Peace Officer Standards and Training Act, Ga. L. 1970, p. 208 et seq.). Even though that Act states that no peace officer shall be authorized to exercise the power of arrest unless he complies with the provisions of this law, this did not make this testimony inadmissible. The defendant was employed as a police officer in the City of Mountain View. Other testimony was that he did thereafter, while charged with the duty of seeing that the beer and wine ordinance was carried out as to closing hours, collect certain funds from individuals to allow them to violate the closing hours. This testimony was properly admitted in evidence. The trial court did not err in admitting any of the evidence here over the objection made.

3. The objection that the trial court erred in allowing a witness to testify after objection concerning the defendant's silence after his arrest in regard to cooperating with the Georgia Bureau of Investigation in regard to further prosecutions is not well taken since he made these admissions to investigating officers, and a Jackson v. Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) was held in reference thereto. Certainly the defendant had a right to remain silent in such a situation but in this instance he did not. Further, both on direct and cross examination, his statements to the police officers who arrested him were allowed in evidence since he at no time elected to remain silent until a later occasion. On cross examination defense counsel also thoroughly cross examined the state's witnesses with reference to any statements made by the defendant to them. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and *Howard v. State,* 237 Ga. 471 (228 SE2d 860), are not in point here. Thereafter, when the defendant advised the investigating officers that he was not going to speak further, no attempt was made to further interrogate him. Nor was there a charge to the jury as to his silence as in *Howard v. State,* supra.

4. The defendant's own testimony at trial was substantially identical with his taped statement with reference to the collection of monies, as well as the entire testimony. This evidence was sufficient to support the verdict of guilty in this instance. The trial court did not err in refusing to grant defendant's motion for directed verdict of acquittal.

5. Objection was made by defendant's counsel to a question propounded to the defendant as a witness on cross examination with reference to the promotional policies within the police department of Mountain View as being irrelevant. During direct examination defendant had testified that the mayor was "boss" and the "absolute power." The question objected to on cross examination was elicited to directly examine the subject matter with reference to the power of the mayor. But, in any event, it was more helpful to the defendant since it allowed him to clearly show to the jury the absolute power of the mayor as to promotions. Evidence of doubtful relevancy or

competency should be admitted and its weight left to the jury. See *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Davis v. State,* 233 Ga. 638-639 (212 SE2d 814); *Guy v. State,* 138 Ga. App. 11, 12 (2) (225 SE2d 492). Further, no harmful error has been shown. *Carroll v. State,* 143 Ga. App. 796, 797 (240 SE2d 197).

6. The trial court did not err in charging the definition of bribery and distinguishing between the two parts, one of which consists of the giving of a bribe, and the other of receiving a bribe or receiving benefits. The charge as a whole was ample.

7. The trial court did not err in refusing to give the requested charge that the burden is on the state to prove beyond a reasonable doubt every essential element of the crime contained in the indictment. The charge as given covered the requested charge. There is no merit in this complaint.

8. The defendant here did not attempt at any time to flee or elude police officers. A charge on lack of flight was argumentative and more favorable than the law requires. There is no merit in this complaint which contends that the court should have given defendant's written request to charge that the jury might consider his lack of flight as a circumstance pointing to his innocence.

9. The defendant offered testimony in proof of his good character. He now contends that the court erred in failing to give his request to charge that good character is a substantive fact like any other fact tending to point toward the defendant's innocence, citing *Seymour v. State,* 102 Ga. 803, 805 (30 SE 263). However, the court charged that proof of good character may of itself constitute such a defense in his behalf and the jury, overriding any amount of positive evidence pointing to the guilt of the defendant may acquit the defendant upon the reasonable doubt and proof of good character generated in the jury's minds. The charge as given was sufficient, and the evidence did not require that the charge requested be given since it was covered by the general charge.

10. Defendant also requested a charge as to the extravagance or lack of extravagance of the defendant, that is, the money he spent compared with the money he

earned, to illustrate motive in accepting a bribe and that conversely the lack of evidence concerning any extravagance did point to the lack of motive in accepting a bribe. This charge was not given by the court as the court felt it was not adjusted to the evidence. Here the defendant's defense was that he was merely a go-between and turned all funds over to another and did not receive the funds in any amount. Consequently, we consider the decision of the trial court that the charge as requested was not adjusted to the evidence to be true. There is no merit in this complaint.

11. As stated above, the defendant contended that he merely passed the funds he received to another. Such testimony authorized the trial court to charge the law as to parties concerned with a crime. There is no merit in the contention of the defendant that the court erred in giving the substance of Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271) as to a person concerned in the commission of a crime. See *Hannah v. State,* 125 Ga. App. 596, 598-599 (2) (188 SE2d 401); *Simmons v. State,* 129 Ga. App. 107 (198 SE2d 718); *Loder v. State,* 140 Ga. App. 166, 168 (2) (230 SE2d 124), judgment vacated on other grounds, s.c., 238 Ga. 200 (232 SE2d 71); *Jackson v. State,* 143 Ga. App: 406 (1) (238 SE2d 752). There is no merit in this complaint.

12. For the same reason as that stated in Division 11 above, the trial court did not err in charging on conspiracy in that the defendant was contending he was collecting the money for the use of another. There was evidence of conspiracy which authorized the charge. We find no merit in this complaint.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED MARCH 7, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 22, 1979 —

*King & Dotson, Robert C. Dotson,* for appellant.
*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.