61863. LEWIS v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction of the offense of burglary. *Held:*

1. The trial court did not err in admitting into evidence four flashlight batteries found inside the burglarized premises. A police officer responding to a silent burglar alarm at the Glass Oil Co., Albany, Georgia, heard a continuing noise inside the building. As he went around a corner of the building and pointed his flashlight down the side of the building, he saw the defendant approximately one foot from a hole that had been made in the side of the building. He yelled: "Halt!" The defendant ran and the officer followed him. He found the defendant on the other side of the railroad tracks underneath a bush. He had the bottom part of a flashlight in his hand and a Radio Shack battery was laying on the ground beside him. The officer placed the battery into the flashlight and turned them over to the evidence custodian.

An Albany detective investigating the same burglary found the top part of a flashlight and four Radio Shack batteries approximately two to three feet inside the building in front of the hole made in the wall. The top part of the flashlight fit the bottom part found in the hand of the defendant, and the batteries were identical to the battery

found beside the defendant at the time of his arrest.

Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and if an item of evidence has a tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. *Alexander v. State,* 239 Ga. 108, 110 (236 SE2d 83). Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. *Crass v. State,* 150 Ga. App. 374, 377-378 (257 SE2d 909). This enumeration is without merit.

2. The trial court gave a full and fair charge on the rule of reasonable doubt. Defendant complains that a portion of the charge that "[t]he state is not required to convince you beyond every possible doubt or every imaginary doubt or every fanciful doubt; [and] the state is not required to convince you to a mathematical certainty," was harmful error. We do not agree.

The charge given is substantially similar to ones approved by this Court in *Deering v. State,* 123 Ga. App. 223 (3) (180 SE2d 245) and *Marshall v. State,* 129 Ga. App. 733 (3) (200 SE2d 902), and by the Supreme Court in *Bonner v. State,* 152 Ga. 214, 215 (1) (109 SE 291); *Connell v. State,* 153 Ga. 151 (2) (111 SE 545); and *Williams v. State,* 210 Ga. 207, 208 (78 SE2d 521). We find no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 20, 1981.

*Dan MacDougald III,* for appellant.

*Hobart Hind, District Attorney, J. Brown Mosley, Assistant District Attorney,* for appellee.