### 69914. THOMAS v. THE STATE.
(328 SE2d 422)

BIRDSONG, Presiding Judge.

The defendant, Otis Thomas, appeals his conviction for the offense of rape. The victim testified that she and her husband were not working and she was nine months pregnant. They were invited to live in the house of Nina Wilhite. The defendant Thomas, the common-law husband of Wilhite, also lived there. Wilhite was working one night when Thomas came home at 1:00 a.m. and was alone with the victim. The victim said she was asleep when Thomas arrived, and he awakened her by pulling her by the arm, off of the sofa where she was sleeping. The investigating officer confirmed that the victim had bruises on one arm. Both stated that they talked from 1:00 a.m. until around 7:00 a.m. when Thomas was scheduled to leave for work. Thomas said he talked to the victim about why they did not pay rent, and bring any food into the house, and why they treated Wilhite the way they did. The victim stated that Thomas raped her after removing her maternity clothes, which posed no difficulty because they "come off easy." She testified: "I asked him not to hurt, you know, the baby and I pleaded with him not to and he said he did not care, that it didn't matter to him. It could kill us both."

After Thomas left the house, the victim called her sister and complained to her of the rape. Her sister, and the woman she lived with, picked up the victim and took her to Grady Hospital. Both stated that the victim was upset, crying, and was nervous. The doctor who examined her at the hospital found no evidence of trauma to the vaginal or rectal area, but a vaginal washing confirmed the presence of sperm. The victim was in her 40th week of pregnancy and the child was born the day following the alleged rape. The doctor testified that prostaglandins played a role in the onset of labor in a woman, and "one method of inducing labor involves administration of prostaglandins. It has been clearly shown to cause uterine contractions" and male semen "may very well have initiated labor" in the victim as male semen is "quite high in prostaglandins. . . ." The defendant denied having intercourse with the victim.

The vaginal swabs taken from the victim during her examination in Grady Hospital were transmitted to the Georgia State Criminal Lab. They did not show the presence of sperm. The forensic serologist was asked: "Now, would it be unusual to find sperm in a [vaginal] washing but not necessarily in a particular swabbed area? A. That is not unusual. It greatly depends on what order it is done in. Whether

the swabbing was done before the washing or whatever." The swabbing in the instant case was done before the washing, but the serologist explained: "I have seen cases where they have found no sperm on the swabs but it is just a sampling problem. The physician may not pick up any of the seminal fluid. He may not go far enough into the vaginal tract to find the fluid that was deposited." Defendant appeals from a jury verdict of guilty. *Held:*

1. The defendant contends the court erred in denying his motion to exclude evidence that the victim was pregnant at the time of the alleged rape. We disagree. Although this court held, in *Wilson v. State*, 9 Ga. App. 274 (3) (70 SE 1128), that "evidence as to the pregnancy of the woman . . . assaulted was wholly irrelevant and immaterial" — that case is distinguishable on its facts. *Wilson* did not show the extent of the pregnancy of the alleged victim. In *Wilson*, the court held: "The evidence as to the pregnancy of the woman who was assaulted was wholly irrelevant and immaterial. It did not illustrate in any manner the issue of sanity or insanity or criminal intent." The court went on to say in *Wilson* that the admittance of the evidence as to pregnancy was not such as to require a new trial. While the mere fact of pregnancy of an alleged rape victim may not be relevant to the issue of consent of a victim, when the alleged victim is in her fortieth week of pregnancy, it can be argued by both sides that her physical condition has relevance to the issue of consent. It can be argued by the expectant mother that she refused to consent because of her fear for the welfare of her unborn child and herself, as she testified in the instant case. The pregnancy of the alleged victim in this case was relevant to show that she was wearing maternity clothes which were easily removed. She feared for the safety of herself and her unborn child during this act. She explained that she did not call the police first because she was worried about her unborn child and wanted to get to the hospital. The victim was described as being in pain at the hospital, which could have been the result of trauma induced by her claim of rape, and/or because of her pregnant condition.

In Georgia, it is the general rule that evidence of doubtful relevancy or competency should be admitted and its weight left to the jury. *Bearden v. State*, 159 Ga. App. 892, 894 (285 SE2d 606); *Lewis v. State*, 158 Ga. App. 586, 587 (281 SE2d 331); *Crass v. State*, 150 Ga. App. 374, 377 (257 SE2d 909); Agnor's Ga. Evidence, § 10-2. "Questions of . . . relevancy . . . are for the court . . . [and] when facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." *Ball v. State*, 145 Ga. App. 254 (243 SE2d 672). This enumeration is without merit.

2. Defendant alleges error in denying his motion for new trial "on the ground that the verdict is decidedly and strongly against the weight of the evidence." The issue of whether the "verdict is decidedly and strongly against the weight of the evidence" is addressed to the trial court alone. *Alexander v. State*, 138 Ga. App. 618, 619 (226 SE2d 807). "Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's judgment." *In re J. P.*, 169 Ga. App. 744, 745 (315 SE2d 259). When viewed in the light favorable to the verdict, the evidence is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MARCH 12, 1985.

*Susan E. Teaster*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Deborah W. Espy, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.