## 72809. FUNDERBURKE v. THE STATE.
### (349 SE2d 551)

BIRDSONG, Presiding Judge.

The defendant, Stephen Funderburke, was indicted on four counts alleging aggravated sodomy, oral and anal, and one criminal attempt to commit sodomy. The jury acquitted defendant of Counts 2 and 3, and defendant appeals his conviction of Counts 1 and 4.

Defendant is a provider of personal care for retarded persons who reside in his home. The Georgia Department of Human Resources pays for and assigns these mentally retarded young men to an individual's home for personal care. Defendant is married and has a son, aged 2 years. His wife says they have a normal sex life. The mental ages of the victims in Counts 1 and 4, on which the jury reached verdicts of guilty, were 8 years 5 months and nine and one-half years. Defendant enumerates the general grounds as error. *Held*:

On appeal, this court will test the sufficiency and not the weight of the evidence. *Thomas v. State*, 173 Ga. App. 810 (2) (328 SE2d 422). The United States Supreme Court, in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), established the relevant rule as to whether, when the evidence is viewed in a light favorable to the verdict, there is sufficient evidence to enable any rational trier of fact to find the existence of the offenses charged, beyond a reasonable doubt. Applying this test to the record before us, we find there is sufficient evidence to enable any rational trier of fact to find the existence of the offense charged in Count 4, beyond a reasonable doubt. However, there is insufficient evidence to establish the offense alleged in Count 1.

*Judgment affirmed as to Count 4. Judgment reversed as to Count 1. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1986.

*Phillips D. Hamilton*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.