## A90A0107. ROSE v. THE STATE.
(393 SE2d 459)

DEEN, Presiding Judge.

A Clayton County jury found appellant Rose guilty of trafficking in cocaine, violation of the Georgia Controlled Substances Act, improper use of highway lanes, driving under the influence of alcohol (two counts), driving with a suspended license, driving with no proof of insurance, and possession of a firearm by a convicted felon. He and a passenger (not a party to this appeal) had been stopped by a police officer when the two-seater automobile he was driving was observed operating in an erratic manner on highways I-75 and I-285.

The officer, assisted by another officer who had observed the chase and apprehension, found that appellant exhibited indicia of intoxication; upon intoximeter testing, his blood alcohol level proved to be .14 percent. A search of the vehicle revealed two guns; a duffle bag containing 6.5 ounces of marijuana and a syringe and other items commonly used to mix cocaine; a briefcase containing $5,000 in cash; a spoon; and chunks of a white powdery substance which subsequent analysis identified as cocaine. A large bag taken from the passenger/co-defendant contained a plastic bag holding 38 grams of cocaine; other, smaller quantities of cocaine; syringes; and unspecified "pills." The gun taken from behind the driver's seat was found to belong to appellant; the one found on the passenger side was found to belong to one of Rose's former roommates.

At trial the co-defendant testified that when they noticed that they were being pursued by a patrol car, appellant, who had allegedly been "snorting" from the bag containing the 38 grams of cocaine, had handed her the bag and instructed her to conceal it on her person, and that in the process of the transfer a considerable quantity of the

substance had been spilled on both seats. This testimony was consistent with the arresting officer's testimony that he had observed considerable activity in the vehicle as he was approaching it.

Appellant moved for a directed verdict of acquittal both at the close of the State's evidence and again at the close of all the evidence. The motions were denied, and on appeal Rose enumerates as error the denial of these motions and the sufficiency of the evidence. *Held*:

1. It is well settled that the appellate court assesses the sufficiency of competent evidence and not its weight. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). Our review of the record shows that the evidence adduced was more than sufficient to authorize the rational trier of fact to find appellant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. A directed verdict of acquittal is authorized only when "there is no conflict in the evidence, and the evidence introduced with all reasonable deductions therefrom shall demand a verdict of acquittal . . . ." OCGA § 17-9-1; *Massengale v. State,* 189 Ga. App. 877 (377 SE2d 882) (1989). On appellate review of the denial of a motion made at the close of the State's case in chief, "the reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion." *Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743) (1975); *Hall v. State,* 181 Ga. App. 697 (353 SE2d 614) (1987); *Causey v. State,* 154 Ga. App. 76 (267 SE2d 475) (1980). Therefore, when, as here, what is appealed is the denial of motions made both at the close of the State's evidence and at the close of all the evidence, it is axiomatic that the scope of review is the same for both motions. The evidence of record in the instant case is palpably insufficient to meet the statutory requirement for a directed verdict of acquittal but rather, as indicated in Division 1, supra, is abundantly sufficient to authorize the jury to find appellant guilty as charged on all counts, beyond a reasonable doubt. *Jackson v. Virginia,* supra.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1990 —
REHEARING DENIED APRIL 19, 1990 —

*Sexton, Turner & Moody, Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.