A90A1151. LEONARD v. THE STATE.
(398 SE2d 250)

COOPER, Judge.

Appellant was convicted by a jury of two counts of aggravated

assault upon a peace officer. The evidence adduced at trial reveals that appellant robbed Clifton Wells at gunpoint at a gasoline station in Fulton County. Appellant fled the scene of the robbery to an adjacent construction site where he stole a truck. At the construction site, appellant, confronted by local police officers Marlin and Ward, swerved the truck toward the spot where Marlin was standing and then swerved and hit Ward's patrol car. Appellant then entered the highway and drove into Fayette County where two county deputies attempted to bring appellant's vehicle to a stop. These deputies, Pruitt and Bennett, both testified at trial that appellant drove the truck directly toward each of their cars, causing impact. Pruitt testified that in his opinion appellant had room to avoid his car but did not do so. Bennett testified that after the impact with appellant's truck, appellant was coming toward his driver's door and Bennett had to take evasive action to avoid a life-endangering situation. The charges against appellant arise from the collisions with Pruitt and Bennett. The State also introduced testimony of a former police officer, Thompson, who testified as to a similar chase scene involving appellant which occurred in 1980. Thompson testified that appellant stole a truck after a burglary and during a chase, sped up, aimed the truck toward the officer's car and collided with the car. Appellant testified at trial that he was trying to avoid the officers and that he did not intentionally strike their vehicles, but rather the officers hit his vehicle.

1. Appellant first asserts as error the admission of the evidence and testimony regarding the robbery of Wells and the encounters with Marlin and Ward on the grounds that these events were not the subject of the instant charges, were concluded before the collisions with Pruitt and Bennett and would be highly prejudicial to the appellant. " ' "(I)t is well settled that all of the circumstances connected with an accused's arrest, . . . are admissible as evidence at trial, even those that establish the commission of another criminal offense." [Cit.]' " *Howell v. State*, 179 Ga. App. 632 (2) (347 SE2d 358) (1986). "When transactions involving other crimes and the alleged bad character of appellant are so connected in time and event as to be part of the same transaction as that for which the accused is being tried, they are admissible. . . . [Cits.] The allegedly separate events are admissible in evidence when they are part of a continuous course of conduct, closely connected in time, place and manner of commission. [Cit.]" *Kennedy v. State*, 193 Ga. App. 784 (1) (389 SE2d 350) (1989). The armed robbery, the encounters with Marlin and Ward and the collisions with Pruitt and Bennett all occurred within a time frame of one-half hour and constituted one continuous event. No error occurred in the admission of this evidence. Appellant's fourth enumeration, objecting to the admission of the testimony of Marlin and Wells,

is subsumed in the first enumeration and likewise has no merit.

2. Appellant next enumerates error in the admission of the evidence and testimony of the similar incident involving Thompson. "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. 'However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. [Cit.]' Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. [Cit.]" *Oller v. State,* 187 Ga. App. 818 (2) (371 SE2d 455) (1988). See *Flanagan v. State,* 193 Ga. App. 408 (2) (388 SE2d 29) (1989). Thompson's testimony and court records of the prior crime introduced by the State are sufficient to identify appellant as the perpetrator of the previous crime. Additionally, the facts of the prior and current incidents are so similar that evidence of the former can be admitted to illustrate appellant's motive, intent and bent of mind in the latter. This enumeration has no merit.

3. As to appellant's enumeration that the court erred by denying appellant's motion for a directed verdict, "[a] defendant is entitled to a directed verdict '(w)here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . . '[Cit.]" *Scavonne v. State,* 193 Ga. App. 603 (1) (388 SE2d 375) (1989). Considering the officer's testimony at trial, it was not error to deny appellant's motion for a directed verdict.

4. Appellant's enumeration that the court erred in allowing Thompson to illustrate his testimony by drawing a diagram of the collision scene is without merit. The diagram served a demonstrative purpose, the witness specified that it was not drawn to scale and it was not admitted into evidence; therefore, we find no error in the way the trial court dealt with the diagram. *Harvey v. State,* 175 Ga. App. 120 (4) (332 SE2d 912) (1985).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990.

*Ballard, Slade & Ballard, H. Geoffrey Slade,* for appellant.
*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney,* for appellee.