## A90A2089. HOLCOMB v. THE STATE.
### (402 SE2d 520)

BEASLEY, Judge.

Holcomb, convicted of selling cocaine, OCGA § 16-13-30 (b), appeals, contending the evidence was insufficient and the giving of a jury charge was error.

1. Viewed in favor of the verdict, *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985), the evidence showed that an undercover GBI agent approached Holcomb and Randolph, who were standing in the middle of a street frequently used by drug sellers. The agent previously had purchased cocaine from Randolph. The agent asked Holcomb if the price was still $600 and defendant Holcomb responded affirmatively. The agent gave defendant Holcomb $600 and Randolph handed the agent the cocaine.

Although defendant argues that his version of events and part of Randolph's testimony should have been believed, such determinations of credibility and resolution of conflicts in the evidence are for the jury; this court does not reweigh the evidence but only determines its legal sufficiency. OCGA § 24-9-80; *Rayburn v. State*, 194 Ga. App. 676 (1) (391 SE2d 780) (1990). The evidence was sufficient to enable any rational trier of fact, by applying to it the standard of "beyond a reasonable doubt," to find defendant guilty of having committed the act. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant complains of the giving of the following charge: "[t]he object of every legal investigation is the discovery of the truth."

That was given in the context of what followed: "By your verdict in this case, you are to speak the truth, as to the facts and issues tried before you. The word 'verdict' comes down to us from an old Latin term that means to speak the truth.[1] Your sworn duty as jurors is to return a verdict that is a true verdict. You have no responsibility for and you should not consider in any way any possible consequences of that verdict, whatever it may be, only that it is a true verdict." The court also fully charged the jury on "reasonable doubt."

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge

---

[1] "Verdict" originated from the Latin "veredictum." It does not literally mean "to speak the truth," but translates "a true declaration." Black's Law Dictionary, p. 1730 (4th ed. 1968). *Groves v. State*, 162 Ga. 161, 162 (132 SE 769) (1926).

contained error. [Cits.]" *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982).

The objection voiced was that the object of a criminal trial is to determine whether or not the state has proven the defendant's guilt beyond a reasonable doubt, regardless of whether defendant actually committed the act. Defendant argued, "I don't think that time honored principle really applies in a criminal case." Defendant cites Daniel, Ga. Criminal Trial Practice, § 25-1, fn. 4 (1986 ed.). See also subsequent editions. Cf. *Groves v. State*, supra, fn. 1.

The objected-to instruction is verbatim the first part of OCGA § 24-1-2, which continues: "The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest evidence." This section of the evidence code capsulizes the raison d'etre for the rules which govern trials. It is not limited by its terms to *civil* trials. The precept given to the jury states the goal for which the trial process has been developed and continues to be refined, with innumerable safeguards such as the rules of evidence to assure accuracy and fairness. The "reasonable doubt" principle is the standard by which the evidence is measured. It is a very high standard, a stern and demanding guard against mistake of fact. This tool, which is a burden on the State, was given to the jury with an unconditional mandate that it be used in the jury's search for truth.

It was not incorrect to give the objected-to charge. As stated by the United States Supreme Court, " 'the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence,' *Delaware v. Van Arsdall*, 475 US 673, 681, 89 L Ed 2d 674, 106 S Ct 1431 (1968). . . ." *Colorado v. Connelly*, 479 U. S. 157, 166 (107 SC 515, 93 LE2d 473, 484) (1986). See also *Montgomery v. State*, 156 Ga. App. 448, 451 (1) (275 SE2d 72) (1980). The manner in which it is done must pass the test alluded to by defendant, as explained in *Jackson v. Virginia*, supra. It is his right to have this test applied. But the test is the means and not the end. The end is truth.

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 17, 1991 —
REHEARING DENIED FEBRUARY 12, 1991 —

*Summer & Summer, Daniel A. Summer*, for appellant.

*C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Assistant District Attorney*, for appellee.