## A91A1606. BROOKINS v. THE STATE.
(415 SE2d 674)

McMurray, Presiding Judge.

Defendant Brookins, along with three co-defendants, was charged by indictment with the offense of trafficking in cocaine. A jury returned a verdict of guilty as to defendant Brookins and two of the co-defendants while the third co-defendant was acquitted. We are concerned only with the appeal by defendant Brookins of her conviction of trafficking in cocaine. *Held*:

Defendant enumerates as error the denial of her motion for directed verdict of acquittal made at the close of the State's evidence. A directed verdict of acquittal is authorized where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. *Leonard v. State*, 197 Ga. App. 221, 223 (3) (398 SE2d 250). "On appellate review of the denial of a motion made at the close of the State's case in chief, 'the reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion.' *Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743) (1975); *Hall v. State*, 181 Ga. App. 697 (353 SE2d 614) (1987); *Causey v. State*, 154 Ga. App. 76 (267 SE2d 475) (1980)." *Rose v. State*, 195 Ga. App. 399, 400 (2) (393 SE2d 459).

Law enforcement officers obtained a search warrant for a house rented by Nannette Powell, one of the co-defendants. Upon entry, the officers found five persons present. Defendant Brookins was exiting the bathroom. A small quantity of marijuana was found in a plastic bag on the sink in the bathroom. In a suitcase in one of the bedrooms, 149.8 grams of cocaine were found concealed in a false-bottomed cookie can. An additional 12.4 grams of cocaine were found in an inside pouch of the suitcase. Scales, a handgun, and a large quantity of cash, including a $20 bill used by an informant to make a drug purchase at the house, were also found during the search.

Defendant Brookins argues that there was no evidence establishing her possession of the cocaine. Nannette Powell testified that shortly before the search two of her cousins, defendant Brookins and co-defendant Mack, arrived for a visit. Defendant Brookins and co-defendant Mack arrived together by automobile and each had a medium-sized suitcase which they carried into the children's bedroom which had been designated for their use by Nannette Powell.

The evidence is conflicting and confused as to which bedroom was assigned to the visitors and which was retained by Nannette Powell. Construed to uphold the verdict, the evidence shows that Nannette Powell and her family did not own a suitcase and that the suitcase containing the cocaine was found in the bedroom assigned to defendant Brookins and co-defendant Mack. However, there were no

clothes in the suitcase containing the cocaine and no other means provided by the evidence to determine the owner of that suitcase. While it may have been defendant Brookins' suitcase, the evidence is equally consistent with a hypothesis that it belonged to and was within the sole possession of co-defendant Mack. "It long has been the law of this state that where the evidence tends equally to sustain two inconsistent propositions, neither can be said to have been established by legitimate proof and certainly not through the guise of circumstantial evidence." *In re B. J. S. & R. S.*, 174 Ga. App. 515, 517 (330 SE2d 186). Mere presence, association or suspicion, without any evidence to show further participation in the commission of the crime is insufficient to authorize a conviction. *Mattox v. State*, 196 Ga. App. 64, 66 (3) (395 SE2d 288). There was no basis upon which a rational trier of fact could determine beyond a reasonable doubt that defendant Brookins had possession or even any knowledge whatsoever of the cocaine. The evidence does not authorize the conviction of defendant Brookins of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ridgeway v. State*, 187 Ga. App. 381 (370 SE2d 216).

*Judgment reversed. Sognier, C. J., Birdsong, P. J., Carley, P. J., and Cooper, J., concur. Pope, Beasley, Andrews, JJ., and Judge Arnold Shulman dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent because I believe the evidence was sufficient to convict Brookins of trafficking in cocaine.

Construed to uphold the verdict, *Thomas v. State*, 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985), the evidence at trial showed that Brookins and Mack, cousins of Nannette Powell, who was renting the residence searched, had visited Powell in May 1990 and came again on Friday, September 29, to stay with her for several days. There were two bedrooms in the house, described by the officers as the west/left and east/right bedrooms. Powell, who testified, stated that Brookins and Mack stayed in the children's bedroom, which was the west/left bedroom and contained a medium-sized bed and one small twin bed. She and occasionally her boyfriend stayed in the east/right bedroom. Neither she nor her children, who were young, owned any suitcases.

On Saturday morning, September 30, Mack and Brookins brought in their luggage. Brookins had the larger suitcase and Mack had a smaller one and a hanging bag. The luggage was placed by them in the children's room.

Between September 30 and October 2, a confidential informant contacted police and advised that drugs were being sold from the residence. Agents went with the informant who was searched, given a

marked $20 bill, and observed going into the house where he remained two or three minutes before coming out and being searched again by the officers. The twenty was not on him but a rock of crack cocaine was. Based on that information, the officers obtained a search warrant on October 2.

Upon executing the warrant on Tuesday, October 2, the officers observed Nannette Powell in the kitchen area, Brookins coming out of the bathroom, Tony Powell, Nannette's brother, asleep on the living room floor, and Mack.[1] Officer Williams searched the children's bedroom, also described by the officer as the west bedroom, and found under the bed a suitcase which contained a cookie can with a false bottom. The bottom contained 149.8 grams of cocaine in "cookie" form. Also found in a side pouch of the suitcase were over 12 grams of cocaine.

A small quantity of marijuana was found on the sink in the bathroom. In the east bedroom were found a .38 pistol, over $1,800 in cash rolled up, including the marked twenty, and a set of scales of the type used for drug transactions. Powell said the money belonged to her boyfriend who was not present during the raid and was not charged.

The court fully instructed the jury on actual and constructive possesion, sole and joint possession, and parties to a crime. See *Sanders v. State*, 199 Ga. App. 671, 672 (2) 405 SE2d 727) (1991).

Considering all of this evidence as we may do in ruling on the denial of a motion for directed verdict at the close of the State's case, *Rose v. State*, 195 Ga. App. 399, 400 (393 SE2d 459) (1990), the evidence did not mandate a directed verdict under OCGA § 17-9-1. While there may be some inconsistencies among the agents' testimony regarding which bedroom was which, such conflicts in the evidence would alone not justify grant of such a motion. Resolution of those conflicts was solely for the jury. OCGA § 24-9-80. It is not the province of this court to reweigh that evidence, only to determine its legal sufficiency. *Holcomb v. State*, 198 Ga. App. 547 (402 SE2d 520) (1991). Here, I find the evidence to be legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sanders*, supra; *Holcomb*, supra.

I am authorized to state that Judge Pope, Judge Beasley and Judge Arnold Shulman join in this dissent.

DECIDED JANUARY 31, 1992 —
RECONSIDERATION DENIED FEBRUARY 11, 1992.

*Russell T. Duraski*, for appellant.

---

[1] Another individual, Hiram, was also present but was allowed to leave by the officers.

*Douglas C. Pullen, District Attorney, Edward F. Berry, Assistant District Attorney,* for appellee.

