### 56018. COMMERCIAL UNION INSURANCE COMPANY v. ED V. COLLINS CONTRACTING, INC.

SHULMAN, Judge.

Appellant sued for premiums due on a workmen's compensation policy. Appellee counterclaimed for benefits under a policy insuring certain equipment. This appeal is from a judgment for appellee on both claims.

1. The evidence as to appellee's liability for the insurance premiums was, if not directly conflicting, at least equivocal. There was some evidence that appellee properly put appellant on notice that certain subcontractors were not to be covered under the policy. The jury chose to believe that evidence and their verdict must be upheld. *Hogan v. City-County Hosp. of LaGrange,* 138 Ga. App. 906 (2) (227 SE2d 796).

2. The counterclaim alleged that appellant issued to Ed V. Collins Contracting, Inc., a policy insuring certain equipment and that there were benefits. due under the policy. The policy, produced at trial, showed on its face that it was issued to Ed V. Collins, not the corporation. No assignment of the policy was ever produced. When appellant challenged the admission of the policy into evidence on the ground that it was not a contract between

the parties to the litigation, appellee's counsel argued that Ed V. Collins transferred all his interest in the policy and its proceeds to the corporation. That transfer, counsel contended, brought the case within the provisions of Code Ann. § 81A-125 (c) and permitted the corporation to continue as counterclaimant. The trial court agreed and ruled the policy admissible. Appellant's subsequent motion for directed verdict, based on the contention that the corporation was not the real party in interest as to the counterclaim, was overruled. We find those rulings to be reversible error.

A. Appellee's reliance on Code Ann. § 81A-125 (c) is misplaced. That section ". . .provides that the action may be continued by or against the original party whose interest has been transferred, unless the court, upon motion, directs that the person to whom the interest has been transferred be substituted in the action. . ." 3B Moore's Federal Practice 25-321, ¶ 25.08. The cited Code section contemplates a transfer of interest, during the litigation, from one who is a party to the case to one who is not. The present case involves a purported transfer from one who is not a party to the litigation to one who is. Code Ann. § 81A-125 (c) is not applicable here.

B. It is important to note that Ed V. Collins, as an individual, could not have brought the counterclaim. He was not a party to the original action. Conversely, the corporation, as the original defendant, did have the ability to bring a counterclaim if it had a right of action on the policy. But, since Collins, and not the corporation, was the legal owner of the policy and no evidence of assignment was presented, the corporation had no right of action on the policy. *Walker v. General Ins. Co.*, 214 Ga. 758 (1) (107 SE2d 836).

C. The prohibition in Code Ann. § 81A-117 (a) against dismissal of an action on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of the commencement of the action by, or joinder or substitution of, the real party in interest is no bar to our judgment of reversal. Substituting Collins for the corporation would not have saved the action because, as noted above, Collins had no interest concerning the

main claim, could not properly be made a party in the main action, and would have no right to assert a counterclaim therein.

Joinder is likewise not an available course of action. Code Ann. § 81A-120 (a) provides for the permissive joinder as plaintiffs (in this case, counterclaimants) of persons who ". . . assert any right to relief jointly, severally, or in the alternative. . ." Here, only Collins had grounds for seeking relief. Although counsel for the corporation argued that there had been a complete transfer of Collins' interest to the corporation, no evidence was presented that the corporation had obtained any legal interest in the policy or its proceeds. Based on the evidence, we can only conclude that the policy was owned by Collins.

The real party in interest objection could not have been cured by ratification in this case. Even assuming that Collins ratified the commencement of the action by the corporation (there was no direct evidence of such ratification), the fact that the corporation had no legal interest in the policy would not be changed. Without legal ownership of the policy, the corporation was not entitled to seek recovery thereunder. *Walker v. General Ins. Co.,* supra.

D. Our ruling that the corporation was not entitled to maintain the counterclaim in no way affects the merits of Collins' claim against appellant. Our holding is merely that the corporation, Ed V. Collins Contracting, Inc., was not the proper party to prosecute the claim in this particular action.

3. In view of our reversal of the judgment on the counterclaim, we need not address other grounds advanced for reversal.

*Judgment affirmed in part; reversed in part. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 23, 1978 — DECIDED
SEPTEMBER 12, 1978.

*Sam F. Lowe, Jr., Sam F. Lowe, III, W. Christopher Bracken,* for appellant.

*William R. L. Latson,* for appellee.