73957. SUPERIOR DISTRIBUTORS, INC. et al.
v. JOHNSON et al.
(358 SE2d 474)

BANKE, Presiding Judge.

Mrs. Joan Johnson and her husband brought this action against Superior Distributors, Inc., and Dennis Crim to recover for personal injuries sustained by Mrs. Johnson when an automobile she was driving was struck from the rear by a tractor-trailer truck owned by Superior and being driven by Crim. The trial court directed a verdict against the defendants on the issue of liability and entered judgment against them based on the jury's subsequent award of damages. This appeal followed.

Mrs. Johnson testified that her car was struck from the rear by the truck as she was waiting to turn left from the inside lane of a 4-lane highway. She had no actual recollection of whether she had engaged her left-turn signal but maintained that it would have been an instinctive act on her part to have done so. Also, she was unable to recollect at trial how long she had been stopped prior to the collision.

An eyewitness testified that the Johnson vehicle was stopped and that he saw its turn signal blinking immediately prior to the collision. This witness estimated that the truck was proceeding at a speed of between 60-65 mph when he first observed it and that its speed at impact was about 25-30 mph. Officer Simmons of the Georgia State Patrol testified that in his opinion, based on his investigation of the accident scene, the truck had been travelling at a speed of 60 mph at the time of the collision. He further testified that the speed limit at the location was 55 mph and that the tractor-trailer left skid marks 184 feet long. Over objection, he was additionally allowed to testify that in his opinion the cause of the wreck was "following too close and too fast for conditions." The defendants rested without calling any witnesses. *Held*:

1. In their initial enumeration of error, the defendants contend that the jury would have been authorized to find from the evidence that Mrs. Johnson was contributorily negligent and that the trial court consequently erred in directing a verdict in favor of the plaintiffs on the issue of liability. However, we agree with the trial court that there was no evidence even remotely suggesting that Mrs. Johnson was guilty of any negligence which might have contributed to the collision. In particular, even assuming, as the defendants contend, that Mrs. Johnson's credibility as a witness was somehow called into question by her own testimony concerning the effects of the accident on her emotional state, it does not follow that this created a conflict in the evidence on the issue of liability, since the circumstances of the collision were independently established by the testimony of other witnesses with no apparent interest in the outcome of the litigation.

Considering the evidence in the light most favorable to the defendants, we conclude that a verdict for the plaintiffs was demanded on the issue of liability and that the trial court properly directed a verdict in favor of the plaintiffs on this issue. Accord *Davis v. Pachuilo*, 169 Ga. App. 677 (1) (314 SE2d 692) (1984). The defendants' reliance upon such cases as *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976), and *Myers v. Barnard*, 180 Ga. App. 192 (348 SE2d 733) (1986), is misplaced in that those cases did involve disputed issues of fact concerning the issue of negligence.

2. The defendants contend that the investigating officer's opinion regarding the cause of the collision was inadmissible because it went to the ultimate issue for the jury to decide. However, this issue is rendered moot by our holding in Division 1, supra, that there was no jury issue with respect to liability.

3. The defendants complain that the form of the jury's verdict awarding damages was contrary to the form specified in the pretrial order in that it permitted separate awards for various categories of damages. This enumeration of error is without merit. The record shows that during the argument of certain pretrial motions, the court announced that a special verdict form would be utilized to categorize the damages. Although the judge did not specifically state at this time that he was modifying the pretrial order, it was clearly his intention to do so to this extent, and it was also clearly within his discretion to do so. See generally *Ambler v. Archer*, 230 Ga. 281 (196 SE2d 858) (1973).

4. During the course of her testimony, Mrs. Johnson was asked by her counsel to give her opinion of the fair market value of her automobile prior to the collision. In response to an objection by opposing counsel, Mrs. Johnson's counsel then said, "If your honor please, we are not seeking damages for the Lincoln, we've been paid for the Lincoln. . . ." The defendants contend that this statement was ground for a mistrial in that it implied to the jurors that they had admitted liability. Even assuming *arguendo* that the corrective instruction given by the trial court was insufficient to dispel the alleged improper implication, the alleged error must be considered harmless in view of the lack of any jury issue as to liability.

5. Finally, the defendants complain that the plaintiffs' attorney was improperly allowed to use colorized charts as aids in its argument to the jury on damages. However, the charts were not offered in evidence nor otherwise made a part of the record, nor were they sent out with the jury. Consequently, we are unable to conceive of how they might have been prejudicial to the defendants, and this enumeration of error presents nothing for review.

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 29, 1987.

*Lemuel H. Kemp*, for appellants.
*E. Crawford McDonald, Nancy E. Bradshaw*, for appellees.