77304. GENE THOMPSON LUMBER COMPANY, INC. v. DAVIS PARMER LUMBER COMPANY, INC. et al.
(377 SE2d 15)

BIRDSONG, Chief Judge.

This is an appeal of the amended judgment awarding both plaintiffs/appellees the total sum of $5,965.84 with interest as provided by law. The trial court directed a verdict in favor of both plaintiffs/appellees in the amount of $5,233.64, and the jury awarded an additional $732.20.

Appellant, Gene Thompson Lumber Company, purchased three loads of lumber from the appellee, Davis Parmer Lumber Company. Mr. Gene Thompson, principal stockholder of Gene Thompson Lumber Company, admitted in judicio that the appellant had ordered and received the lumber listed in the three invoices of appellee Davis Parmer Lumber Company, and that appellant had not paid for this lumber. However, appellant asserted that the lumber had been graded after receipt and was found "to be defective," that is, it was not of the

grade specified in the purchase orders. The difference in the value of the lumber ordered and that actually received was $732.20. Appellant notified appellee Davis Parmer Lumber Company of its claim, but the claim was not honored.

On September 28, 1987, Davis Parmer Lumber Company notified its insurance company of the nonpayment of account by appellant, and filed a "Notification of Claim" placing the account of the appellant in the hands of the insurance company for collection. On October 1, 1987, appellee Davis Parmer Lumber Company brought suit against appellant for the amount due and owing on the three lumber purchases. On January 29, 1988, appellee Davis Parmer Lumber Company assigned its claim of $5,965.84 against appellant to appellee the Continental Insurance Company. The Continental Insurance Company paid Davis Parmer Lumber Company the amount of $3,600 but apparently declined to pay the balance of the claim. In April, 1988, The Continental Insurance Company was joined as an indispensable party plaintiff to this suit and the original complaint was amended to reflect this joinder. The Continental Insurance Company apparently had previously authorized another Georgia attorney to initiate suit against appellant, and a second Davis Parmer Lumber Company lawsuit was filed on January 13, 1988. However, this action was dismissed when the existence of the suit at bar became known. Ultimately, the Continental Insurance Company authorized counsel for appellee Davis Parmer Lumber Company to represent it also in the current litigation.

At the conclusion of plaintiffs' case in chief, appellant moved for a directed verdict against both plaintiffs. These motions were denied. After both sides had rested, appellant again moved for a directed verdict as to appellee Davis Parmer Lumber Company, and the appellees moved for a directed verdict in favor of the plaintiffs. The trial court granted a directed verdict in favor of both plaintiffs "for the principal amount sued less . . . $732.20." The jury returned a verdict in favor of both plaintiffs not only for the amount mandated by the directed verdict but for the amount of $732.20 as well. *Held:*

1. Appellant's first and second enumerated errors are that the trial court erred in refusing to disqualify Harry Wingate as counsel for both Davis Parmer Lumber Company and the Continental Insurance Company, and that the trial court erred in denying its motion to disqualify Mr. Wingate as the attorney for the Continental Insurance Company. The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge. See *Rivers v. Goodson*, 184 Ga. App. 70 (1) (360 SE2d 740); *Young v. Champion*, 142 Ga. App. 687, 690-691 (236 SE2d 783); see also, Directory Rule 2-110. Our review of the record reveals no abuse of discretion in refusing to dis-

qualify Mr. Wingate. Moreover, in the absence of contrary evidence, it will be presumed that members of our State Bar have properly complied with the Bar's ethical directory and disciplinary rules.

2. Appellant contends the trial court erred in overruling an objection to the questioning of appellant's principal stockholder regarding appellant's sale of the lumber received from Davis Parmer Lumber Company. Appellant's objection in effect was based on lack of relevancy. Admissibility of evidence rests in the trial court's sound discretion. *Lewis v. State*, 158 Ga. App. 586 (1) (281 SE2d 331). Moreover, "evidence of doubtful relevancy or competency should be admitted and its weight left to the jury." *Thomas v. State*, 173 Ga. App. 810 (1) (328 SE2d 422). The enumeration of error is without merit.

3. Appellant contends the trial court erred in denying his motions for directed verdict as to the claims of the Continental Insurance Company and Davis Parmer Lumber Company, Inc. We disagree.

(a) Appellant asserts that because Davis Parmer Lumber Company assigned its claims against appellant to the Continental Insurance Company, suit must be brought solely in the name of the assignee. OCGA § 9-11-25 (c) provides that "[i]n [any] case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action *or joined with* the original party." (Emphasis supplied.) This subsection vests discretion in the trial judge to allow the original plaintiff to continue suit either alone or joined by the interest transferee when the transfer of interest occurred *after* the filing of the suit. See generally *Rives E. Worrell Co. v. Key Systems*, 147 Ga. App. 383 (1) (248 SE2d 686); *Employers' Liability Assur. Corp. v. Keelin*, 132 Ga. App. 459 (1) (208 SE2d 328), cert. den.; Ga. Prac. & Proc. (5th ed.), § 4-170. Thus, OCGA § 9-11-25 (c) "contemplates a transfer of interest, during the litigation, from one who is a party to the case to one who is not." *Commercial &c. Co. v. Ed Collins &c.*, 147 Ga. App. 183, 184 (248 SE2d 220). Contrary to appellant's contentions, the assignment of interest occurred *after* this suit was filed. Thus, OCGA § 9-11-25 (c) is not rendered inoperative due to a transfer of interest prior to suit filing. However OCGA § 9-11-25 (c), when operative, does not automatically authorize the continuance of an original action in all cases following the transfer of an interest. *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6). If a cause of action does not survive a subsequent transfer of interest, OCGA § 9-11-25 (c), standing alone, would not revive it. See *Goodyear*, supra at 408. Considering the terms of the subsequent assignment in its entirety, the intent and conduct of the parties thereto, and the evidence of record regarding

partial payment of Davis Parmer Lumber Company's claim by the insurer, we find that Davis Parmer Lumber Company's personal cause of action survived the subsequent transfer of interest by assignment, at least as to that portion of its original claim in excess of the amount paid by its insurer. Accordingly, the trial court, in the exercise of its discretion, could order the joinder of the assignee insurance company in the original suit brought by Davis Parmer Lumber Company. OCGA § 9-11-25 (c). Thus, the trial court did not err in refusing to grant a directed verdict on the basis that suit must be brought *solely* in the name of the assignee, the Continental Insurance Company.

(b) Appellant asserts that it was entitled to directed verdict against the Continental Insurance Company. Upon appellate review of a denial of a motion for directed verdict, this court will consider all relevant admissible evidence of record whether admitted or elicited during the plaintiffs' case in chief or subsequent thereto. See generally *Bethay v. State*, 235 Ga. 371 (1) (219 SE2d 743); we are satisfied that the posture of the evidence in this case warranted the denial of appellant's motion for directed verdict not only as to the Continental Insurance Company but as to Davis Parmer Lumber Company as well. The posture of the evidence did not demand a verdict in favor of appellant. OCGA § 9-11-50 (a). Appellant's fourth and sixth enumerations of error are without merit.

4. Appellant's fifth and seventh enumerations of error are that the trial court erred in grating a partial directed verdict in favor of both plaintiffs and erred in denying a motion for mistrial based on similar grounds, respectively.

There is no merit to a contention that partial directed verdicts cannot be granted. *Taylor v. Buckhead Glass Co.*, 120 Ga. App. 663, 665 (171 SE2d 779), rev'd on other grounds, 226 Ga. 247 (174 SE2d 568). This court has condoned the practice of granting a directed verdict on a single issue. See e.g., *Superior Distrib. v. Johnson*, 183 Ga. App. 131 (1) (358 SE2d 474); *Davis v. Pachuilo*, 169 Ga. App. 677 (1) (314 SE2d 692). Such a practice is entirely consistent with the general purpose of the Civil Practice Act. OCGA § 9-11-1.

In the case at bar, appellant made an admission in judicio that he had ordered, received, and partially sold the three shipments of lumber; that he had not paid for any of the lumber; and, that he found a discrepancy as to the quality of the lumber ordered but only as to the amount of $732.20. The trial court had authority to grant a partial directed verdict in favor of the plaintiffs as to the uncontested amount owed. Ga. Const., Art. VI, Sec. I, Par. IV; OCGA §§ 9-11-1; 9-11-50 (a); 15-6-8 (6); 15-7-42. We need not determine whether the trial court should have allocated the amount of the directed verdict between the two plaintiffs so that the Continental Insurance Company received an award of $3,600 (the amount of its payment to

claimant) and the remainder was awarded to Davis Parmer Lumber Company. In the absence of a showing of prejudice, assuming error occurred by the failure to allocate the award, it would not warrant reversal. See *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882). Accordingly, we find these enumerations of error to be without merit.

5. The appellant next asserts the trial court erred in instructing the jury that any verdict returned by the jury must be in favor of both plaintiffs. Assuming arguendo that the instruction was erroneous, appellant has failed to show how he has been prejudiced by this instruction. "An inappropriate charge, unless harmful, is not ground for new trial." *Adrian Housing Corp. v. Lucas*, 144 Ga. App. 186 (6) (240 SE2d 732); accord *Cullen v. Timm*, 184 Ga. App. 80, 82 (1) (360 SE2d 745); *Johnston v. Woody*, 148 Ga. App. 152 (2) (250 SE2d 873). This enumeration of error is without merit.

Appellee's motion for damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 22, 1988 —
REHEARING DENIED DECEMBER 8, 1988 — 

*T. Lee Bishop, Jr.*, for appellant.
*Harry L. Wingate, Jr.*, for appellees.