GENE THOMPSON LUMBER CO., INC.,
Plaintiff–Appellee, Cross–Appellant,

v.

DAVIS PARMER LUMBER COMPANY,
INC.; Sam M. Davis; Betty G. Davis,
Defendants–Appellants, Cross–Appellees,

Jamil Saba, Individually and in his capacity as Sheriff of Dougherty County, Georgia and Royace Hinson, Individually and in his capacity as Clerk of the Superior Court and State Court of Dougherty County, Georgia, Defendants.

No. 91–9106.

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 1993.

Glenn A. Kirbo, Kirbo, Kirbo & Finney, Albany, GA, Furman Smith, Jr., Smith, White, Sharma & Halfern, Atlanta, GA, for appellant.

T. Lee Bishop, Jr., Albany, GA, for appellee.

Before TJOFLAT, Chief Judge,
HATCHETT and BIRCH, Circuit Judges.

TJOFLAT, Chief Judge:

This case involves a private creditor's appeal from an adverse jury verdict on a debtor's 42 U.S.C. § 1983 (1988) claim that the creditor's prejudgment attachment and garnishment of property deprived the debtor of constitutionally protected rights. We hold that the debtor has failed to prove that the deprivation occurred under color of state law as required by section 1983. Accordingly, we reverse the district court's refusal to grant the creditor's motion for

judgment notwithstanding the verdict and remand this case for further proceedings.

## I.

On October 1, 1987, appellant Davis–Parmer Lumber Co., Inc. (Davis–Parmer Lumber) filed suit in the State Court of Dougherty County, Georgia, against appellee Gene Thompson Lumber Co. (Thompson Lumber) to recover an unpaid balance of $5,965.84 for a lumber purchase.[1] That day, Betty G. Davis, acting as secretary and treasurer of Davis–Parmer Lumber, filed an affidavit seeking prejudgment attachment, pursuant to O.C.G.A. § 18–3–1 (Michie 1991), of that amount of Thompson Lumber's funds in a local bank account. In the affidavit, Davis truthfully stated that Thompson Lumber was indebted to Davis–Parmer Lumber, falsely represented that Thompson Lumber was about to remove its domicile and property from Dougherty County, and posted the statutorily required bond. The court issued the requested writ of attachment. The next day, October 2, Thompson Lumber's bank account was attached in the amount of $6,015.84 (the principal sum of the debt plus a $50 bank fee). On October 9, Davis–Parmer Lumber sought, and the court subsequently issued, a writ of garnishment against Thompson Lumber's bank pursuant to O.C.G.A. § 18–4–40 (Michie 1991). The writ was served on the bank on October 13.

On October 23, 1987, Thompson Lumber brought the instant suit against Davis–Parmer Lumber, Betty Davis, and Sam M. Davis (collectively "Davis–Parmer")[2] in the United States District Court for the Middle District of Georgia on the theory that Davis–Parmer had deprived Thompson Lumber of constitutionally protected rights under color of state law. In count I of the complaint, Thompson Lumber claimed that Davis–Parmer's actions violated 42 U.S.C. § 1983 by taking its property without the due process of law guaranteed by the Fourteenth Amendment. Specifically, Thompson Lumber claimed that the prejudgment attachment statute, O.C.G.A. § 18–3–1,[3] and the prejudgment garnishment statute, O.C.G.A. § 18–4–40,[4] were unconstitutional because neither required prior notice and a hearing, and both permitted the writs to issue solely on the basis of Davis–Parmer's statement that Thompson Lumber was about to move its domicile and property outside the county. In count II, Thompson Lumber sought to enjoin Davis–Parmer from further prosecution of the prejudgment attachment and garnishment proceedings in state court.[5] After a hearing on

1. On April 28, 1988, Davis–Parmer Lumber obtained a judgment against Thompson Lumber for the full amount of the debt. The Georgia Court of Appeals subsequently affirmed the judgment. *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.,* 189 Ga.App. 573, 377 S.E.2d 15 (Ga.Ct.App.1988).

2. The complaint also named as defendants Jamil Saba, Sheriff of Dougherty County, and Royace Hinson, Clerk of the Superior Court and State Court of Dougherty County. Thompson Lumber did not pursue any claims against these defendants at trial. Indeed, the district court instructed the jury that

   this suit was originally brought by [Thompson Lumber] against [Davis–Parmer], the Sheriff of Dougherty County, Georgia, and the Clerk of Court of Dougherty County, Georgia. The Sheriff of Dougherty—They are state actors. It was necessary to join the Sheriff and the Clerk of Court in the lawsuit in order to get federal jurisdiction; however, the plaintiffs are not seeking any damages against the Sheriff or the Clerk of Court.... But in order to get a federal question in this Court they had to be sued.

Record, vol. 3, no. 48 at 227–28.

3. O.C.G.A. § 18–3–1 provides that "[a]ttachments may issue when the debtor ... (2) [m]oves or is about to move his domicile outside the limits of the county; ... [or] (6) [i]s causing his property to be removed beyond the limits of the state."

4. O.C.G.A. § 18–4–40 provides that "garnishment may issue prior to judgment ... (2) [w]hen the defendant is actually removing, or about to remove, outside the limits of the county; (3) [w]hen the defendant is causing his property to be removed beyond the limits of the state."

5. This count is not before us on this appeal. On February 21, 1989, the district court granted Thompson Lumber's unopposed motion to dissolve the preliminary injunction and to dismiss Davis–Parmer's request for a permanent injunction in the prejudgment attachment and garnishment proceedings. Davis–Parmer does not challenge this ruling.

December 9, 1987, the district court issued a preliminary injunction granting such prejudgment relief. Over a year later, Thompson Lumber amended count I of its complaint to allege that Davis–Parmer had acted maliciously in securing the writs of attachment and garnishment.

On January 19, 1989, at the trial on count I, the jury returned a verdict in favor of Thompson Lumber and against Davis–Parmer Lumber for $100,000, against Sam Davis for $25,000, and against Betty Davis for $25,000. The jury specifically found that Thompson Lumber was not about to move out of Dougherty County at the time Davis–Parmer initiated the prejudgment attachment proceedings. On March 22, 1989, Davis–Parmer moved for judgment notwithstanding the verdict or, in the alternative, a new trial. After Thompson Lumber agreed to a $100,000 remittitur,[6] the court entered final judgment for Thompson Lumber on November 25, 1991. Davis–Parmer appeals.

## II.

### A.

■ In this appeal, Davis–Parmer asks us to set aside the district court's judgment on the following grounds: (1) Davis–Parmer enjoyed qualified immunity, (2) Thompson Lumber failed to establish that Davis–Parmer's acts caused any damage, (3) Thompson Lumber failed to prove its damages, (4) the jury awarded verdicts against the defendants in different amounts despite their joint and several liability, and (5) a conflict of interest existed between Davis–Parmer and its attorney that prevented the attorney from providing Davis–Parmer effective assistance of counsel at trial. The first two grounds go to the sufficiency of Thompson Lumber's case and, if meritorious, would require us to conclude that the district court should have granted Davis–Parmer's motion for judgment notwithstanding the verdict. The remaining grounds ask whether the district court should have granted Davis–Parmer a

new trial. We do not address these remaining grounds, however, because we conclude that the district court should have granted Davis–Parmer's motion for judgment notwithstanding the verdict. We review the district court's refusal to grant that motion *de novo,* and view all the evidence, including that which favors Davis–Parmer, in the light most favorable to Thompson Lumber. *See Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1469 (11th Cir.1991).

### B.

Section 1983 provides that "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." 42 U.S.C. § 1983. To satisfy section 1983's "under color of [state law]" requirement, a plaintiff must demonstrate that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). Thompson Lumber neither stated in its pleadings nor offered any evidence at trial to show that the alleged deprivation took place under color of state law as required by section 1983.

■ In *Lugar,* the Supreme Court determined that an allegation of a private party's malicious and noncompliant use of a state's prejudgment attachment and garnishment statutes does not state a section 1983 claim. Much like Davis–Parmer, the *Lugar* defendants had sought and obtained prejudgment attachment of some of the plaintiff's property on the grounds that the plaintiff might dissipate his assets in order to defeat his creditors' interests. *See Lugar v. Edmondson Oil Co.,* 639 F.2d 1058, 1061 (4th Cir.1981). One count of plaintiff's complaint alleged that the defendants

---

**6.** The remittitur decreased Davis–Parmer Lumber's liability to $33,400 and decreased Betty

and Sam Davis' respective liabilities to $8,300.

had obtained their prejudgment relief by maliciously and unlawfully manipulating the state statutes. The *Lugar* Court explained that the allegation that the defendants had obtained prejudgment attachment in a manner that was "unlawful under state law" was tantamount to stating

> that the conduct of which [plaintiff] complained could not be ascribed to any governmental decision; rather, respondents were acting contrary to the relevant policy articulated by the State. Nor did they have the authority of state officials to put the weight of the State behind their private decision.... That respondents invoked the statute without the grounds to do so could in no way be attributed to a state rule or a state decision. Count two, therefore, does not state a cause of action under § 1983 but challenges only private action.

*Lugar*, 457 U.S. at 940, 102 S.Ct. at 2755. In short, proof of a defendant's misuse of a state's prejudgment relief statute does not satisfy section 1983's demand for under color of state law action and, hence, cannot christen a section 1983 claim.

■ On the evidence presented at trial, a reasonable jury could only find—and the jury did in fact find—that Davis–Parmer unlawfully obtained its prejudgment relief by misusing Georgia's prejudgment attachment and garnishment statutes by falsely representing that the statutory requisites for such relief were satisfied. Indeed, Thompson Lumber admits that "[t]he basic truth and the basic fact on which this verdict rests is a finding that Betty G. Davis made a false statement in the affidavit seeking the attachment," Record, vol. 1, no. 45 at 1, that Davis–Parmer did not "follow[ ] the dictates of the attachment statute," *id.* at 3, that "[i]t is without dispute that the prejudgment garnishment was filed without any compliance with the statute," *id.*, and that Davis–Parmer "commenced a prejudgment garnishment against plaintiff without filing a bond or affidavit and otherwise failing to comply with the applicable statute," Record, vol. 1, no. 17 at 3. Further, Thompson Lumber alleged in its amended complaint

[t]hat the actions of the defendants Davis–Parmer, S.M. Davis and Betty G. Davis arose from an actual malicious intent arising from ill will, spite, and intent to injur[e] plaintiff, and were consummated with a reckless or callous disregard or indifference to plaintiff's federally protected rights that were formed with a specific design to injure or oppress plaintiff.

Record, vol. 1, no. 19 at 3. Ironically, Thompson Lumber's rather acerbic allegations of Davis–Parmer's wrongful manipulation of Georgia's otherwise proper prejudgment attachment and garnishment statutes—and its corresponding efforts to so prove at trial—scuttle its section 1983 claim.

The jury found that Davis–Parmer misused Georgia's prejudgment relief statutes. Through its false affidavit, Davis–Parmer effectively hoodwinked the state court into granting prejudgment attachment and garnishment. Under *Lugar*, Davis–Parmer's malicious and unlawful conduct cannot properly be attributed to the state for section 1983's under color of state law purposes. Hence, Thompson Lumber has neither articulated nor proven a section 1983 claim.

### III.

We conclude that Thompson Lumber failed to prove the "under color of state law" element of its section 1983 claim, and, accordingly, reverse the district court's refusal to grant Davis–Parmer judgment notwithstanding the verdict and remand this case for further proceedings.

**REVERSED AND REMANDED.**