### A96A0012. STEPHENS et al. v. HOWARD et al.
(471 SE2d 898)

BEASLEY, Chief Judge.
  Howard's taxi collided with Stephens, injuring Howard and leading to this action filed to recover for his damages and his wife's loss of consortium. A jury deciding only the issue of damages awarded him $100,000, including $50,000 in past and future lost earnings, and awarded his wife $1,000. Stephens and the cab company appeal, alleging as error the introduction of evidence and testimony relating to a "functional capabilities assessment" performed by a physical therapist who worked for Howard's treating physician, Dr. Serrato, but who did not testify at trial.
  According to Dr. Serrato, this assessment was a six to eight hour test requiring Howard to perform "mechanical . . . acts" under the therapist's supervision, including bending, lifting, stretching, and squatting. After Howard performed the tests, the therapist transferred the results to Dr. Serrato, who approved them. He testified that only a physician could draw any conclusions from these tests. Over objection, Howard introduced into evidence a form based on those tests which listed Howard's ability to lift certain amounts of weight in terms of "frequently," "occasionally," and "never." Dr. Serrato testified this form represented "guidelines" for Howard to follow in his daily activities.
  1. Stephens contends the form constitutes hearsay because it consists of information prepared by a physical therapist who did not testify. But Dr. Serrato testified the document was prepared at his request by his office staff during the course of and for purposes of his treating Howard. See OCGA § 24-3-14 (b). Furthermore, the material contained in the document reflected statements made by Howard for purposes of treatment as well as Dr. Serrato's recommendations. OCGA § 24-3-1; *Southern R. Co. v. Lawson*, 256 Ga. 798, 801-802 (3) (353 SE2d 491) (1987). The trial court did not err by admitting the assessment form into evidence or by allowing Dr. Serrato to read from it.
  Even if Howard failed to lay a proper foundation for admitting this document, or even if it contains the hearsay opinions of the physical therapist, the court's failure to exclude it does not merit reversal. Dr. Serrato approved these findings, and Stephens had full opportunity to cross-examine him regarding them. *Brinks, Inc. v. Robinson*,

215 Ga. App. 865, 868-869 (5) (452 SE2d 788) (1994). The findings were based on representations made by Howard, who testified extensively regarding his injuries. Stephens had opportunity to cross-examine Howard regarding his ability to sit, stand, squat and lift, satisfying the purposes of the hearsay rule. *Shelton v. Long*, 177 Ga. App. 534, 535 (1) (339 SE2d 788) (1986). Considering the testimony from Dr. Serrato regarding his own observations of Howard's condition, this report constituted at most cumulative evidence. *Brinks, Inc.*, supra; *Smoky, Inc. v. McCray*, 196 Ga. App. 650 (3) (396 SE2d 794) (1990).

2. Neither did the trial court err by allowing Dr. Serrato to testify, based on the assessment, that Howard suffered a permanent disability rating of five percent. Even assuming the assessment report constituted hearsay, Dr. Serrato personally observed Howard on numerous occasions and heard his complaints. He also performed an MRI, a CT scan, and an electromyography. He testified he gave the disability rating based upon those tests, Howard's subjective complaints, and the functional capabilities test. He further testified that although he must rely on physical therapists to perform these mechanical examinations, only he could interpret the results of those tests. Howard and his wife extensively described his physical abilities before and after the accident.

Stephens properly states that hearsay generally cannot serve as the basis for expert opinion. "[I]n the realm of medical testimony it is said: 'Opinion testimony based merely upon records and case history furnished the witness by other doctors and not a part of the evidence in the case is objectionable.'" *Southern Bell Tel. &c. v. Franklin*, 196 Ga. App. 474, 475 (2) (396 SE2d 514) (1990); *Buffalo Cab Co. v. Gurley*, 134 Ga. App. 167 (1) (213 SE2d 545) (1975). In situations such as this one, however, where the record shows an expert opinion to be supported by substantial evidence of record, we have refused to reverse even though the expert may have based part of his or her opinion on hearsay. See, e.g., *Randall Mem. Mortuary v. O'Quinn*, 202 Ga. App. 541, 542-543 (1) (414 SE2d 744) (1992); *Doctors Hosp. of Augusta v. Bonner*, 195 Ga. App. 152, 159-160 (3) (392 SE2d 897) (1990); *Zurich Ins. Co. v. Zerfass*, 106 Ga. App. 714, 719-720 (3) (128 SE2d 75) (1962). Compare *Brown v. State*, 206 Ga. App. 800, 801 (427 SE2d 9) (1992), in which the record did not reflect the expert's opinion could be based solely on his own observations or other facts in evidence.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

Decided May 9, 1996 —
Reconsideration denied May 21, 1996 —

*Sidney L. Moore, Jr.*, for appellants.
*Richard A. Childs*, for appellees.