A94A2148. BALLARD v. WARREN.
A94A2149. WARREN v. BALLARD et al.
(474 SE2d 259)

BIRDSONG, Presiding Judge.

1. When these appeals were before this Court, we held the trial court erred in refusing to admit evidence of insurance payments paid on behalf of the plaintiff, because she and her husband misled the jury by testifying they had to pay their medical bills themselves and they had thus "opened the door" to be impeached by evidence that their bills were paid by insurance. *Ballard v. Warren*, 217 Ga. App. 23 (456 SE2d 589).

On certiorari, the Supreme Court combined this case (Case No. S95G1171) with another which it considered of identical import, *Suber v. Luke* (Case No. S95G1212), 266 Ga. 408 (467 SE2d 891). A majority of the Supreme Court held that both cases involved mere *"anxiety over payment of medical bills,"* (emphasis supplied) despite our finding in *Ballard* that the collateral source evidence which proved that plaintiff's damages were paid by insurance was admissible *solely* because plaintiff and her husband had misled the jury as to the facts.

Because the Supreme Court has characterized the plaintiff's evidence in this case as showing mere "anxiety" and not as being a false implication that plaintiff paid all her own bills because she had no insurance, we now hold that in this particular case the trial court did not err in refusing to allow defendants to introduce evidence that plaintiff could not have felt such "anxiety" because her medical bills were paid by her own insurance.

2. We must now consider whether the verdict was so excessive as to be inconsistent with the preponderance of the evidence. See *Ballard*, 217 Ga. App. at 25. In view of the Supreme Court's inference that plaintiff's and her husband's testimony merely expressed immaterial "anxiety," we cannot say the jury's verdict was induced by

prejudice, bias or corrupt means. Id.

3. As to our ruling in the cross-appeal (Case No. A94A2149), plaintiff did not state in her enumeration of error the grounds on which she contends she is entitled to a new trial. We shall therefore not consider it. See *MOM Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 849 (418 SE2d 74); *Pier 1 Imports v. Chatham County &c.*, 199 Ga. App. 294, 296 (404 SE2d 637).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JULY 24, 1996.

*Baker, Kinsman & Hollis, Norman M. Kinsman*, for Ballard.
*Weiner, Yancey, Dempsey & Diggs, Beryl H. Weiner*, for Warren.