## A96A2208. BENNETT v. TERRELL.
### (481 SE2d 583)

JOHNSON, Judge.

Carla Bennett sued Samuel Terrell for personal injury following a rear-end car collision. After Terrell admitted the accident was his fault, the trial court granted a directed verdict against him on the issue of liability. The jury, however, returned a verdict in Terrell's favor, awarding no damages. Bennett appeals the judgment entered on that verdict and raises several evidentiary issues, none of which require reversal.

1. In her first enumeration, Bennett claims the trial court should have excluded as irrelevant a statement she made to a member of her doctor's staff. On questioning by Terrell's attorney, the doctor agreed that his office notes indicated Bennett had called on September 13, 1994, and stated "she would not be back for therapy. She would be settling her case." The court found this statement relevant to Terrell's argument that Bennett was seeking medical treatment only to boost the value of her claim against Terrell. Matters of relevancy are entrusted to the discretion of the trial court. *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 555 (3) (472 SE2d 116) (1996). As even evidence of slight probative value and doubtful relevancy should be admitted and its weight left to the jury, we cannot say the trial court abused its discretion in allowing this testimony. *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 710 (2) (423 SE2d 387) (1992).

2. Bennett also claims that because the trial court admitted this statement, she should have been allowed to explain it. The explanation she proffered to the court was that she had no way to pay her medical bills, did not have medical insurance, knew the defendant had liability insurance to cover the accident, and made this statement to inform the doctor's office it would soon be paid for her treatments. The court ruled this explanation contained inadmissible evidence of insurance and the financial status of the parties. In the alternative, Bennett's attorney offered to have her explain that there were no ongoing settlement negotiations and no settlement offers pending at the time she made the statement, which would show she was not discontinuing treatment *because of* any settlement. This explanation appears to contradict Bennett's previous statement that she would soon be settling her case and circles directly back to the

issue of finances. If she discontinued treatment for medical reasons, her *only* purpose for mentioning the settlement would be in reference to her bill.

The trial court did not err in excluding Bennett's explanations. The financial resources of a party and the existence of insurance coverage were irrelevant to the issues in this case. See *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (402 SE2d 269) (1991), overruled on other grounds, *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992). In *Warren v. Ballard*, 266 Ga. 408, 410 (2) (467 SE2d 891) (1996), the Supreme Court strongly reaffirmed the principle that evidence of insurance will rarely be admissible in a personal injury tort action such as this, even to counter a false impression created by other testimony. The record shows the trial court weighed the probative value of the proffered explanations against their prejudicial impact on the case and determined this testimony should not be admitted. See id. at 409 (recognizing trial court's discretion to weigh the effect of collateral source evidence). In light of the trial court's urging that Bennett give an explanation which did not inject matters of insurance or finances, the court did not abuse its discretion in excluding this evidence. See *Ballard v. Warren*, 222 Ga. App. 357 (1) (474 SE2d 259) (1996).

Even if the court erred by refusing to allow the proffered explanations, that error is harmless. Bennett testified that she quit physical therapy only after her doctor ordered her to do so, and the physician agreed with her testimony. This testimony explained that Bennett's cessation of therapy was not related to any "settlement" of her case. The proffered additional "explanations" would not have significantly aided Bennett's efforts to rebut Terrell's argument that she discontinued therapy because she believed her claim was about to settle. See *Southern Cellular Telecom v. Banks*, 208 Ga. App. 286, 287 (1) (431 SE2d 115) (1993) (appellant must demonstrate harm as well as error to merit reversal).

3. In her third enumeration of error, Bennett claims the trial court erroneously admitted hearsay testimony during Terrell's cross-examination of her physician. The doctor was presented with a report prepared at his direction by a physical therapist in his office. The report contained the results of tests the therapist performed on Bennett. The doctor testified that he reviewed the employee's findings but independently decided whether they were "probably" correct. The doctor then stated, over objection, that the physical therapist had indicated Bennett displayed no muscle spasms. The admission of this evidence was not error. See *Stephens v. Howard*, 221 Ga. App. 469, 470 (1) (471 SE2d 898) (1996) (doctor allowed to testify regarding examination done by his physical therapist, which he confirmed by personal observation); *Brinks v. Robinson*, 215 Ga. App. 865, 868 (5)

(452 SE2d 788) (1994). Moreover, Bennett had the opportunity to cross-examine the doctor regarding the findings. *Stephens*, supra at 469. "Considering the testimony from Dr. [Harakas] regarding his own observations of [Bennett's] condition, this report constituted at most cumulative evidence. [Cits.]" Id. at 470. Any error in admitting it was, therefore, harmless. Id.

4. Bennett also claims the trial court erred by "rebuking" her attorney during closing argument. The attorney told the jury that when Terrell originally filed his answer to the complaint, he denied liability. The court then instructed the attorney that because the pleadings were not in evidence, he should not comment on them. Any alleged error was harmless because the court's instruction did not prevent the attorney from continuing his argument that Terrell had "shifted" defenses during the litigation and refused to take responsibility for his actions. Moreover, no harm resulted because liability was no longer an issue in the case. See *Banks*, supra. See *Superior Distrib. v. Johnson*, 183 Ga. App. 131, 132 (4) (358 SE2d 474) (1987) (physical precedent only) (error going to defendant's liability harmless where liability not in issue).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 12, 1997 — ■■■■■■■■

*Buchanan & Land, Clay D. Land, Benjamin A. Land*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy*, for appellee.